UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DE'MARKUS ANTOINE WILLIAMS,<br><br>Plaintiff,<br>v.<br><br>BOBBY DEWAYNE HENDRIX, an individual; J.B. HUNT TRANSPORT, INC., a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:18-cv-01315-MMD-PAL<br><br>ORDER |

This case comes before this Court through Defendants Bobby Dewayne Hendrix ("Hendrix") and J.B. Hunt Transport, Inc.'s ("J.B. Hunt," with Hendrix, the "Defendants") Petition for Removal. (ECF No. 1.) Plaintiff De'Markus Antoine Williams filed this action in the Eighth Judicial District Court in Clark County, Nevada, in connection with an automobile accident. (*Id.* at 7.) Plaintiff asserts claims for negligence and negligent training and supervision. (*Id.* at 8-9.)

Defendant removed the action on the basis of 28 U.S.C. § 1332. Based on the Court's review of the petition, questions exist as to whether the Court has jurisdiction to hear this claim. *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."). Defendant bears the burden of demonstrating by a preponderance of the evidence that

///

the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-701 (9th Cir. 2007).

The Complaint seeks damages "in excess of $15,000" on each of the two claims, attorney's fees and costs, and damages for "loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount." (ECF No. 1 at 8-9.) However, the Complaint does not identify even one of the injuries Plaintiff suffered as a result of the automobile accident, much less the nature of the medical services, care, and treatment he has pursued. It is not evident to the Court that the amount-in-controversy requirement is satisfied.

For these reasons, Defendant will be directed to show cause as to why this action should not be remanded for lack of subject matter jurisdiction. Plaintiff may file a response pursuant to Local Rule 7-2.

It is therefore ordered that, within fifteen (15) days from the entry of this Order, Defendant must show cause in writing why this case should not be remanded for lack of subject matter jurisdiction.

DATED THIS 19th day of July 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE