UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DE'MARKUS ANTOINE WILLIAMS, an individual,<br><br>Plaintiff,<br>v.<br><br>BOBBY DEWAYNE HENDRIX, an individual; J.B. HUNT TRANSPORT, INC., a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:18-cv-01315-MMD-PAL<br><br>ORDER |

Before the Court is Defendants Bobby Dewayne Hendrix and J.B. Hunt Transport, Inc.'s motion to dismiss under Federal Rule of Civil Procedure 41(b). (ECF No. 58.) Although this motion was filed February 12, 2019, Plaintiff still has not filed a response or sought an extension of time to file a response. In fact, the record suggests that Plaintiff has abandoned this case. Plaintiff failed to appear for a motion hearing on February 12, 2019 (ECF No. 59) and also failed to comply with the Court's order compelling Plaintiff to serve Defendants with responses to certain discovery requests by February 26, 2019 (*see id.*; ECF No. 62 at 1-2). According to Defendants—and Plaintiff has offered no response—"Plaintiff has been generally unavailable or unwilling to engage in the prosecution of this matter, despite multiple attempts at communications by his former counsel." (ECF No. 58 at 2 (citing ECF No. 50 at 2-4 (affidavit of Plaintiff's former counsel)).) Plaintiff has not responded to discovery requests or communications by his former counsel, appeared for appointments scheduled with his attorneys, or provided updated contact information to his attorneys, Defendants, or the Court. (*Id.*; *see also* ECF No. 50 at 2-4; ECF No. 52 at 1-2.)

///

In addition, Plaintiff did not comply with the Court's order that he either retain substitute counsel or file a notice of appearance pro se. (ECF No. 58 at 2; ECF No. 52 at 2.)

The Court has twice warned Plaintiff that his continued failure to participate in discovery, prosecute this action, and comply with the Court's orders could result in dismissal. (ECF No. 52 at 2; ECF No. 59.) Nevertheless, Plaintiff's conduct persists.

Local Rule IA 11-8 allows the Court to impose "any and all appropriate sanctions on an attorney or party who: (a) Fails to appear when required for pretrial conference [or] argument on motion . . . ." Plaintiff is also under an obligation to advise the Court of his current address. LR IA 3-1 ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number."). "Failure to comply . . . may result in the dismissal of the action." *Id.*

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In addition, "[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)). "As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *Id.* (citing *Chambers*, 501 U.S. at 44-45).

Except for a dismissal for lack of jurisdiction, improper venue, or a failure to join a party under Rule 19, a dismissal under Rule 41(b), "operates as an adjudication on the merits." *Costello v. United States*, 365 U.S. 265, 284 (1961) (quoting Fed. R. Civ. P. 41(b)). The Court finds that dismissal with prejudice is appropriate given Plaintiff's pattern of conduct.

///

///

///

It is therefore ordered that Defendants' motion to dismiss (ECF No. 58) is granted. All pending motions (ECF Nos. 27, 28, 29, 44, 45, 62) are denied as moot. This case is dismissed with prejudice. The Clerk of the Court is instructed to close this case.

DATED THIS 9th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE